Judge Rowan
delivered the opinion of the court.*
John P. Waggoner sold to Joseph Ballenger and Abraham M’Kinney, a running mare by the name of .the Ker-kendall filly, for $500, three hundred of which was paid; for the balance, they executed their note to Banks and Bodley, trustees of the said Waggoner — who brought suit, and recovered judgment for the amount thereof: M’Kinney filed his bill in chancery, enjoining the judgment, on the ground that Waggoner bad practised a fraud upon them in the sale of the said mare — that she had been bought as a race mare and on account of her speed or fleetness, which Waggoner had grossly misrepresented: — He had”represented that she had been tried with Parrot’s colt, and had, and could beat the said colt, with equal weights of 100 lbs. on each, between 25 and 30 feet on a quarter of a mile — that she had done it — that her fleetnes had not been impaired by her age, which was 12 or 13 years; — that, confiding in these representations, they had purchased her — that, in truth and in fafct, she had never been tried with Parrot’s colt, and could not run as fast as that colt. He stated, moreover, that he had paid the said Waggoner the said $200 in cattle, which he had raised and procured for that purpose, and that the said Waggoner had, by a fraudulent collusion with the said Ballenger, and without his knowledge, privity or consent, appiigd the amount thereof to the *480 credit of a distinct and individual debt, due from the aaíá Ballenger to the said Waggoner, of which he had n$ knovr-ledge. He alledged, moreover, that he was not^present at the trial at law, not expecting it to home on t%at day — that on that account, and on the ground that he had discovered, after the verdict, new and important testimony, whereby he; could prove The payment ⅛ cattle, as above stated, he bad moved for a new trial, which motion had been overruled. He prayed, in his bill; for anÉw trial at lawyer a perpetual injunction. Waggoner*answered; admitted his representation as to the speed of the filly; insisted they were true; that she hád been tried with Parrot’s colt; had and could beat that colt the distance alledged; stated that complain* ants knew the speed of the fillv and her character as well as he 4⅛1, at the time they purchased her; — he denied having received the whole of any part of the said note from the complainant in cattle; admitted he had received cattle from Ballenger in payment of a debt which Ballenger owed him: — but denied that he had ever received any cattle from complainant on any account.
Where a re rnedy is am” pie at. law, ehancerywill "íamfreiih vs.Hiimphres pa. 13; Car-Mac’-!- &'ál lS5r De.vees is. Richard-ttlm "
^he cau®e waslried, and a decree pronounced, perpet-uat'ng the injunction. We regret that we cannot affirm the decree; for the allegations of the bill are well support-ef] by the proof in the cause: But the rule that where the perae(ty *s ample at law, the chancellor cannot interfere, is too inveterate to be gotten over. It is by the observance of this rule, that the boundaries between the two jurisdictions are maintained. It was asserted in the case of Cunningham vs. Caldwell, (see Hardin’s Rep. 123,) and has been ever since maintained and conformed to by this court; An act>on at fhw for deceit in the sale of the fitly, would have afforded to the plaintiffs therein, a verdict in damages commensurate with the injury sustained. The plea of accord and satisfaction to the suit upOn the note, would, if sustained by proof, have silenced the claim of the plaintifft therein. The refusal, by the court below, to grant a new trial, can be no ground for chancery interposition, as was decided by this court at the fall term, 1814, in the case of O’Hara vs. Ganoe.
When a party has been prevented, by the fraud or ftftce off his adversary, or by providential visitation, or other suf+ ficicnt cause, from applying to the court for a new’ trial before the expiration of the term at which the trial was had, the chancellor will hear his application, and upon the pro- *481 jjer case made out, wiil award him a new trial. But he will not, he cannot, revise the opinions of the law-judge. The judge might reciprocate revisáis and reversals, with the chancellor, if the latter were to commence that process with the former — the right of each would be equal to that of the other — or rather their destitution of right is the same. It is, therefore, considered bv the court, that the decree of the court below be reversed, the cause remanded, with direction to the court to dissolve the injunction and dismiss the bill of complainant with costs, &c.; and it is further ordered, that plaintiffs recover their costs in this , 1 court.
a made out, ciiancerywlll ^.kjCtata butcannotre-vise the o-Pim°n of the lawiudge. J °

 Absent, Judge Owsiit.